UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| Tuan Hoang NGUYEN, | Case No.: 25-cv-2501-AGS-KSC |
|---|---|
| Petitioner, | |
| v. | **ORDER GRANTING MOTION TO APPOINT COUNSEL (ECF 2) AND REQUIRING RESPONSE** |
| Kristi NOEM, et al., | |
| Respondents. | |

Petitioner Tuan Hoang Nguyen requests appointed counsel in support of his habeas corpus petition. (*See* ECF 2); *see also* 28 U.S.C. § 2241 (habeas corpus). Courts may appoint an attorney for an "impoverished habeas petitioner" when "the interests of justice so require." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (cleaned up); *see also* 18 U.S.C. § 3006A(a)(2)(B). In this assessment, courts evaluate a petitioner's (a) "likelihood of success on the merits" and (b) "ability . . . to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

As a threshold matter, Nguyen sufficiently alleges that he cannot afford counsel. He has "worked as a mechanic and in construction," but does "not have savings" left from the "little money" he was "making." (ECF 1, at 20.) Between this and his lack of "free access to the internet in custody," he asserts that he "cannot afford to pay for an attorney." (*Id.*)

Turning to his likelihood of success, Nguyen suggests that he will succeed because the government is unable to "remove" him now for the same reasons it has been "unable to" for the last "22 years." (ECF 2, at 4.) According to Nguyen, in 1989 he "came to the United States" from Vietnam and eventually "received a green card" "because [he] was the child of an American." (ECF 1, at 20.) After he was "convicted of a crime" in "2003," he lost his immigration status and an immigration judge "ordered [him] to be deported." (*Id.*) But he was "released from" immigration "detention" shortly thereafter because Immigration and Customs Enforcement "fail[ed] to deport him" to Vietnam. (*Id.* at 3, 20.)

1

    Although ICE previously released Nguyen, it may "revoke [his] release" and "return [him] to custody if, on account of changed circumstances," ICE "determines that there is a significant likelihood" that he "may be removed in the reasonably foreseeable future." *See* 8 C.F.R. § 241.13(i)(2). In fact, on "August 11, 2025," ICE allegedly detained Nguyen again. (ECF 1, at 2, 20.) Yet Nguyen argues that the government is still unable to deport him because "Vietnam has a longstanding policy of not accepting pre-1995 Vietnamese immigrants for deportation." (*Id.* at 3.)

    He notes that a 2008 "repatriation treaty" between the United States and Vietnam "exempted pre-1995 Vietnamese immigrants." (*Id.* at 4.) And despite a 2020 agreement that "created a process for removing pre-1995 Vietnamese immigrants," only "four immigrants who came to the U.S. before 1995 were given travel documents and deported" "between September 2021 and September 2023." (*Id.* at 4–5.) After "5 weeks in custody, ICE has not even asked Mr. Nguyen to apply for a travel document." (*Id.* at 2.) Although this Court does not yet have the government's side of the argument, at this point Nguyen has made a sufficient showing of likelihood of success to weigh this factor in his favor.

    What's more, Nguyen "has been told that he is the son of an American mother and father." (*Id.* at 3, 20.) He's unsure that's the case because "[h]is parents left him with a babysitter when he was a few months old and never returned," but even "the government has recognized that Mr. Nguyen was at least fathered by a United States Citizen." (*Id.* at 3, 3 n.3, 20.) So Nguyen might be a United States citizen, which also increases his likelihood of success. *See* 8 U.S.C. § 1401(c). After all, the "government is not permitted to deport [its own] citizens." *Brown v. Holder*, 763 F.3d 1141, 1147 (9th Cir. 2014).

    The complexity of the legal issues also favor appointing an attorney. The parties here must interpret intricate statutes, grapple with indefinite-detention-related common law, and navigate agency regulations. *See, e.g.*, 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 690; 8 C.F.R. § 241.13(i). This undertaking is within the immigration legal context, which has "provoked comparisons to a morass, a Gordian knot, and King Minos's labyrinth in ancient Crete," *Torres v. Barr*, 976 F.3d 918, 923 (9th Cir. 2020) (cleaned up), and been deemed

"second only to the Internal Revenue Code in complexity," *United States v. Ahumada-Aguilar*, 295 F.3d 943, 950 (9th Cir. 2002) (quotations omitted).

True, Nguyen's habeas petition and attorney-appointment motion cognizably grapple with these complex issues. But he filed them "with the assistance of the Federal Defenders of San Diego, Inc.," which "drafted the instant petition" and expressed willingness to represent him in this matter. (ECF 2, at 1 n.1.) Given Nguyen's background as a "mechanic" and "construction" worker who has "no legal education or training" (ECF 1, at 20), it's not clear that he would have successfully framed these arguments himself. So, he has adequately shown that he cannot "articulate his claims" without a lawyer. *See Wilborn*, 789 F.2d at 1331; *see, e.g.*, *Phan v. Warden*, Case No. 25-cv-2369-AJB, ECF 5, ECF 8 (S.D. Cal. Sept. 25, 2025) (appointing counsel for a habeas petitioner whose claims implicated similar immigration authorities: 8 U.S.C. § 1231(a)(6), *Zadvydas*, and 8 C.F.R. § 241.13(i)(2)); *Rebenok v. Noem*, Case No. 25-cv-2171-TWR, ECF 6 (S.D. Cal. Sept. 19, 2025) (same). Nguyen's attorney-appointment request is **GRANTED**. Federal Defenders of San Diego, Inc., is appointed to represent him.

Finally, the facts underscoring Nguyen's likelihood of success also allow his petition to survive the habeas screening, which requires "summary dismissal" of any "frivolous" or "incredible" petition. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *id.*, Rule 1(b) (permitting use of Rules Governing Section 2254 Cases to any "habeas corpus petition"); *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024).

By **November 7, 2025**, respondents must answer the petition. Any reply is due **November 14, 2025**. The Court will hold oral argument on **November 25, 2025**, at 2:00 p.m.

Dated: October 24, 2025

_____
Hon. Andrew G. Schopler
United States District Judge